IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| KIM RENEE MACK | ) | CASE NO. 08-72445 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM DECISION

The Debtor, Kim Renee Mack, filed a voluntary Chapter 13 petition on December 9, 2008. Subsequently, the Debtor, through counsel, filed a Chapter 13 Plan of Reorganization, which has been set for a confirmation hearing on February 9, 2009. In the plan currently filed with this Court, the Debtor proposes to pay $360 per month for a period of 60 months to the Trustee.[1] In addition, the Debtor seeks to make direct regular contract payments to Wells Fargo Bank for her mortgage outside of the plan. Those payments total $240 per month. On December 22, 2008, counsel for the Debtor submitted to this Court for its approval two separate wage deduction orders. The first Order directed the Debtor's employer to deduct $180 semi-monthly from the Debtor's wages and to direct such payments to the office of the Trustee each month. That Order was approved and entered by this Court on December 23, 2008. The second Order directed the Debtor's employer to deduct $129 semi-monthly from the Debtor's wages and to direct those funds to Wells Fargo Bank each month. Upon receipt and review of the Order, this Court sent a response through electronic mail dated December 23, 2008, extending counsel for the Debtor the opportunity to submit argument and authority supporting entry of the Order. By

---

[1] As the plan is currently not before the Court for confirmation, the Court makes no findings of fact or conclusions of law regarding the conformity of any terms of the plan with the appropriate provisions of the Bankruptcy Code.

electronic mail dated January 7, 2009, counsel for the Debtor responded that he was unaware of any specific authority, beyond the equitable powers of the Court, allowing it to enter such an Order.

This Court's authority to enter wage deduction orders derives directly from the Bankruptcy Code, specifically 11 U.S.C. §§ 105(a) and 1325(c). Section 1325(c) provides that "the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee." Additionally, § 105(a) allows that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Importantly, a debtor's participation in a Chapter 13 case is to remain voluntary at all times. 8 *Collier on Bankruptcy* ¶ 1325.09[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). As a result, the Debtor, in submitting a plan before the Court for confirmation, may propose such plan provisions as best suit her needs and wishes, provided that the terms of the plan meet the requirements for confirmation in § 1325 of the Code. The Debtor may choose, as she has done here, to make her regular contract payments to a secured creditor directly outside of the plan. After making that election, however, the Debtor now seeks for this Court to enter an Order directing her employer to withhold and remit a portion of her wages to fulfill her obligation to the mortgage company. For the following reasons, this Court will deny this request.

In the first instance, the Court draws its authority to enter wage deduction orders most specifically from § 1325(c), which gives the court discretion to direct a debtor's employer to direct a part of the debtor's wages to the *trustee*. However, § 1325(c) does not, by its terms, give this Court discretion to direct payments by the debtor's employer directly to a secured creditor. In fact, while the Code specifically allows this court to enter wage deduction orders

directing payments to the trustee, there is no section of the Code that expressly empowers the Court to direct payments under wage deduction orders to any party other than the trustee, and the only other section of the Code which arguably gives the Court authority to enter wage deduction orders is § 105(a), which is written in broad and general terms and allows this Court to enter "any order . . . that is necessary and appropriate" to carry out the provisions of the Code.  Under the canons of statutory construction, it is well established that "the specific provision controls the general."  *United States v. John*, 935 F.2d 644, 647 (4th Cir. 1991).  Therefore, it seems apparent that Congress in enacting the Code only intended to grant discretion to the bankruptcy courts to enter wage deduction orders to the trustee and not to the secured creditors.[2]

Even if this Court were to consider that § 105(a) gives the Court the discretion to order a debtor's employer to make payments directly to a secured creditor, in addition to the other payments that the employer was directed to make to the trustee, this Court would not feel inclined to do so in the current case, because the entry of such an Order would not be "appropriate" under § 105(a).  Essentially, when a bankruptcy court orders an employer to

---

[2] This Court acknowledges that at least one court has ruled that wage deduction orders directing payment to the mortgagee by the employer are permitted under the Code.  *In re Adams*, 115 B.R. 59, 63 (Bankr. D.N.J. 1990).  However, this Court disagrees with that court's conclusion.  In *Adams*, the court's rationale was that because a number of courts had held that parties other than the trustee had been given standing under statutory provisions stipulating that only the trustee could act, it was thereby unsound to hold that the term trustee, as used in § 1325(c), should be limited to refer only to the case trustee.  *Id*. at 62-63.  Additionally, the court found that the entry of such wage deduction orders was supported by the fact that the success rate of Chapter 13 cases in New Jersey was low and that the entry of wage deduction orders would lead to a higher rate of success.  *Id*. at 61-62.  In the first instance, the court in *Adams* failed to acknowledge the canon of construction that this Court finds persuasive that the specific controls the general.  Moreover, the court's practical and result-oriented approach, while certainly appropriate to use in construing a statute, ought not be used as a bootstrap to provide a tool not authorized by Congress, in an area in which it has explicitly legislated, on the premise that the use of such tool has not been expressly prohibited.

deduct wages from an employee's salary and direct those payments to the trustee, that court mandates an action by that employer without obtaining its consent even though it has not voluntarily submitted itself to the jurisdiction of the court and is not a party to the case which is before the court. Moreover, a bankruptcy court entering a wage deduction order imposes an administrative burden upon the employer, for which the employer cannot seek reimbursement. *See* 8 *Collier on Bankruptcy* ¶ 1325.09[3] ("[An employer can] not assess a fee upon the employee-debtor for complying with a chapter 13 payment order."). To require an employer to comply with two separate wage deduction orders only increases the burden involuntarily imposed upon the employer. As a result, this Court concludes that such a result is not appropriate under § 105(a), especially where the Debtor in this case has *voluntarily* elected to pay her regular mortgage payments outside the plan. This conclusion is supported further by the fact that the entry of two wage deduction orders may in some circumstances lead to confusing and contradictory obligations on the part of the employer.

      Based on the foregoing, this Court will deny entry of the wage deduction Order directing payments to Wells Fargo Bank submitted by counsel for the Debtor.

      This the 14th day of January, 2009.

                                           /s/ William F. Stone, Jr.
                                        UNITED STATES BANKRUPTCY JUDGE